UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAMMY PAGE,

      Plaintiff,

v.

STEPHEN MAYBERG, et. al.,

      Defendants.
_____/

2:08-cv-02231-SRT (PC)

**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**

      Sammy Page, civilly committed under California's Sexually Violent Predator Act ("SVPA") and proceeding *pro se*, filed a request for a temporary restraining order on September 24, 2008. Page filed the request against Stephen Mayberg, director of the California Department of Mental Health ("DMH"), Jeremy Coles and John Hupka, two clinical evaluators for DMH, and Governor Schwarzenegger. Page requests a temporary restraining order against enforcement of SVPA because he alleges that it rests on a DMH regulation that fails to meet the standards of the Administrative Procedure Act ("APA"). In support, Page cites a decision of the California Office of Administrative Law ("OAL") that found that certain passages of DHM's "Clinical Evaluator Handbook and Standardized Assessment Protocol" manual met the definition of a "regulation" but were not adopted pursuant to the APA, making them "underground" regulations.

      The legal principles applicable to requests for injunctive relief, such as a temporary restraining

order, are well established. To prevail, the moving party must show either a likelihood of success on the merits of the underlying controversy and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. *See Coalition for Economic Equity v. Wilson*, 122 F.3d 692, 700 (9th Cir. 1997); *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. *See Oakland Tribune*, 762 F.2d at 1376. Under any formulation of test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. *See id.* In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. *See id.*

Page's request fails under these standards because he has not made a showing of a significant threat of irreparable injury. The regulations he challenges are guidelines on how a clinical evaluator should conduct evaluations of civilly committed sexually violent predators. Although an OAL determination that a regulation is an "underground" regulation is entitled to deference, it is not binding on this Court. *People v. Medina*, 89 Cal. Rptr. 3d 830, 837 (Ct. App. Cal. 2009). Even if this Court were to find that the DMH manual is an "underground" regulation, irreparable injury does not result from its use. At worst, Page would be subjected to an evaluation of his mental health. Such an evaluation does not constitute irreparable injury.

Finally, to the extent that Page challenges his confinement generally through this TRO request, that request is denied. The SVPA has been upheld against various challenges, *see Medina*, 89 Cal. Rptr. at 842 n.10, and Page's allegation of an underground regulation in this TRO request does not suffice to undermine confidence in the validity of his civil commitment. In addition, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." 18 U.S.C. § 3626(a)(2).

IT IS ORDERED:

The request for a temporary restraining order is DENIED.

DATED: April 14, 2009

/s/ Sidney R. Thomas
_____
Sidney R. Thomas, United States Circuit Judge
Sitting By Designation