IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SAMMY PAGE,

    Plaintiff,

vs.

STEPHEN MAYBERG, et al.,

    Defendants.
_____/

No. 2:08-cv-02231-SRT

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

On September 22, 2008, plaintiff filed a motion seeking appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, Page has not provided sufficient evidence or legal argument to convince the court that he is likely to succeed on the merits. The court has reviewed the Office of Administrative Law ("OAL") opinion presented by Page on the subject of whether the Department of Mental Health protocols are "underground" regulations. While the OAL opinion is due deference, it is not binding on this court. *People v. Medina*, 89 Cal. Rptr. 3d 830, 837 (Ct. App. Cal. 2009). California courts have recently upheld civil commitments despite the OAL's opinion. *See id.* at 837-43; *People v. Castillo*, 89 Cal. Rptr. 3d 71, 84-93 (Ct. App. Cal. 2009). In addition, the Supreme Court has upheld civil commitment laws like the one Page challenges in this action, *see Kansas v. Hendricks*, 521 U.S. 346 (1997), and has held that plaintiffs like Page have no Fifth Amendment right not to participate in psychiatric evaluations mandated by those civil commitment laws, *see Allen v. Illinois*, 478 U.S. 364 (1986). Further, Based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id.*

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

DATED: April 22, 2009                    /s/ Sidney R. Thomas

---

Sidney R. Thomas, United States Circuit Judge
Sitting By Designation