UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY PAGE, | 2:08-cv-02231-SRT (PC) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| STEPHEN MAYBERG, et. al., | |
| Defendants. | |

Sammy Page, civilly committed under California's Sexually Violent Predator Act ("SVPA") and proceeding *pro se*, filed a motion for reconsideration of this court's order of April 15, 2009 denying Page's request for a temporary restraining order ("TRO"). Page requests a TRO against enforcement of SVPA because he alleges that it rests on a Department of Mental Health regulation that fails to meet the standards of the Administrative Procedure Act. In the order denying Page's request for a TRO, this court held that Page failed to show a significant threat of irreparable injury.

A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). To reiterate the legal standard for receiving a TRO, Page must show either a likelihood of success on the merits of the underlying controversy and the possibility of irreparable

injury, or that serious questions are raised and the balance of hardships tips sharply in his favor. *See Coalition for Economic Equity v. Wilson*, 122 F.3d 692, 700 (9th Cir. 1997); *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. *See Oakland Tribune*, 762 F.2d at 1376. Under any formulation of test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. *See id.* In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. *See id.*

This court has reconsidered the previous order and reaffirms it. The regulations Page challenges are guidelines on how a clinical evaluator should conduct evaluations of civilly committed sexually violent predators. To the extent that Page challenges the use of the regulations to evaluate his mental health, his challenge fails because an evaluation does not constitute irreparable injury. In addition, the evaluations do not violate Page's Fifth Amendment right because Page has no Fifth Amendment right not to participate in the psychiatric evaluations mandated by the SVPA. *See Allen v. Illinois*, 478 U.S. 364 (1986).

To the extent that Page challenges his confinement generally through this TRO request, that request is denied. When considering preliminary injunctive relief, this court "give[s] substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." 18 U.S.C. § 3626(a)(2). Considerations of public safety compel this court to deny Page's request.

IT IS ORDERED:

The motion for reconsideration of the order denying Page's request for a temporary restraining order is DENIED.

DATED: May 18, 2009

                                            /s/ Sidney R. Thomas
                                            Sidney R. Thomas, United States Circuit Judge
                                            Sitting By Designation