1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8    SAMMY PAGE,

9            Plaintiff,                    No. 2:08-cv-02231-SRT

10       vs.

11   STEPHEN MAYBERG, et al.,              ORDER

12

13           Defendants.

14   _____/

15       Plaintiff Sammy Page, civilly committed under California's Sexual Violent Predator Act

16   ("SVPA"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional

17   rights.  Before the Court is Defendants' Motion to Dismiss For Failure to State a Claim pursuant

18   to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 57.)  Plaintiff has opposed the motion

19   and filed a Motion to Strike Portions of Defendants' Response.  (Doc. Nos. 64 & 67.)

20       Defendants seek dismissal on grounds that: (1) Page's complaint is barred by the

21   principles of res judicata and collateral estoppel; and (2) even if res judicata and collateral

22   estoppel do not apply, Page nevertheless cannot seek injunctive relief because he has an

23   adequate remedy at law.[1]  In opposing Defendants' motion, Page contends that: (1) his previous

24   _____

25       [1] The Court grants Defendants' request to take judicial notice of Page's previous lawsuits
     and takes judicial notice of the court records from those suits.  Fed. R. Evid. 201; *Pac. Coast
     Fed'n of Fisherman's Ass'ns v. Gutierrez*, 606 F. Supp. 2d 1122, 1153 (E.D. Cal. 2008) ("A
26   court may take judicial notice of court records in another case.").

                                          1

1  lawsuits do

2  not preclude his present claims, either because those lawsuits involved distinguishable claims or

3  were not heard on the merits; and (2) his § 1983 action is proper because he challenges the

4  conditions of his confinement, not the fact or duration of same.

5  **I**

6  "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or*

7  *could have been raised*' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.

8  2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).

9  The doctrine "applies when there is: (1) an identity of claims; (2) a final judgment on the merits;

10  and (3) identity or privity between parties." *Id.* (citation and internal quotation marks omitted).

11  Defendants argue that *Page v. State of California*, Case No. 1:06-cv-1409-LJO-DLB

12  (hereinafter *Page I*) precludes Page's present § 1983 action.  Page does not dispute that *Page I*

13  satisfies the second and third requirements for res judicata.[2]  Hence, the res judicata effect of

14  *Page I* turns on whether an "identity of claims" exists between that case and the present action.

15  To determine "whether a present dispute concerns the same claims as did prior litigation,

16  the Ninth Circuit considers: '(1) [W]hether rights or interests established in the prior judgment

17  would be destroyed or impaired by prosecution of the second action; (2) whether substantially

18  the same evidence is presented in the two actions; (3) whether the two suits involve infringement

19  of the same right; and (4) whether the two suits arise out of the same transactional nucleus of

20  facts.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (alteration in

21  original) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

23  _____

24  [2] *Page I* ended in a dismissal for failure to state a claim, which "is a 'judgment on the merits' to which res judicata applies." *Stewart*, 297 F.3d at 957 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).  In *Page I*, Page sought declaratory and

25  injunctive relief against the same defendants (among others) as in the present action, so that an "identity" of the parties exists.  *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning*

26  *Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003).

1  The fourth criterion is "most important," *Constantini*, 681 F.2d at 1202, and, indeed, "central . . .

2  in determining whether there is an identity of claims between the first and second adjudications."

3  *Owens*, 244 F.3d at 714 (citation and internal quotation marks omitted); *see also Tahoe-Sierra*

4  *Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

5      Comparing the present action with *Page I*, the Court finds that the two suits arise out of

6  the same transactional nucleus of facts.  In *Page I*, Page sought prospective injunctive relief

7  based on allegations that his civil commitment violated due process and his right to refrain from

8  treatment meetings.  He alleged, *inter alia*, that: (a) his diagnosis (paraphilia) was

9  "impermissibly vague," "not a recognized disorder," and that "all criminal[s] such as Page . . .

10  could be diagnosed with paraphilia"; and (b) he "exercise[d] his right to refrain from attending

11  and participat[ing] in monthly treatment conferences."  (*Page I* Docket, Doc. No. 29.)  He also

12  argued that the Defendants had relied on an "underground regulation." (*Id.*, Doc. No. 54).  Page

13  now draws on the same nucleus of facts to support his claims that his diagnosis violates

14  substantive due process, that compelled interviews violate his right to privacy and free speech,

15  and that the procedures used for re-evaluating his civil commitment are improper "underground

16  regulations."  (Doc. No. 33 ¶¶ 1, 10–16, 20).  He has "returned to court and filed a new action

17  essentially seeking relief from the same alleged wrongs [he] unsuccessfully protested before."

18  *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078.

19      In other words, "[a]ny of the claims presently before [the Court] could thus have been

20  asserted in the previous lawsuit." *Id.*  Page has not even suggested otherwise.  He urges that his

21  present "claims were not specifically raised or decided in [*Page I*]," but that argument has no

22  bearing on the Court's res judicata analysis.  *See Costantini*, 681 F.2d at 1201 ("[The] contention

23  that the question involved in his present action was never actually litigated in the prior action is

24  simply irrelevant."); *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078 ("It is immaterial whether the

25  claims asserted subsequent to the judgment were actually pursued in the action that led to the

26  judgment; rather, the relevant inquiry is whether they could have been brought." (citation and

1    internal quotation marks omitted)).  "Newly articulated claims based on the same nucleus of

2    facts may still be subject to a res judicata finding if the claims *could have been brought* in the

3    earlier action." *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078 (emphasis added).

4          Though the most important criterion is satisfied, the Court also notes that the remaining

5    *Headwaters* factors support finding an identity of claims here: the rights and interests established

6    in *Page I* would be impaired by this action; similar evidence is presented in the two actions; and

7    the two suits involve the same rights.  *See, e.g.*, *Costantini*, 681 F.2d at 1202–03.

8          Accordingly, res judicata bars this action.  *See Stewart*, 297 F.3d at 956.

9

10                                            **II**

11         Defendants' motion to dismiss Page's complaint is GRANTED, and this action is

12   DISMISSED as barred by res judicata.[3]  Given the Court's conclusion, any amendment would be

13   futile, and leave to amend is not warranted.  *See, e.g.*, *Janis v. United States*, No. 1:04-cv-05812,

14   2011 WL 1258521, at *5 (E.D. Cal. Mar. 30, 2011); *see also Doe v. United States*, 58 F.3d 494,

15   497 (9th Cir. 1995) ("In dismissing for failure to state a claim, a district court should grant leave

16   to amend . . . unless it determines that the pleading could not possibly be cured by the allegation

17   of other facts." (citation and internal quotation marks omitted)).

18         All other pending motions are denied as moot.  Each party shall bear its own costs.

19   DATED: August 2, 2011

20

21                                        /s/ Sidney R. Thomas
                                          Sidney R. Thomas, United States Circuit Judge
22                                        Sitting by Designation

23

24

25         [3] Because Page's action is barred by res judicata, the Court need not reach the remaining
     contentions raised in Defendants' motion to dismiss.  *See, e.g.*, *Durney v. WaveCrest Labs., LLC*,
26   441 F. Supp. 2d 1055, 1065 (N.D. Cal. 2005).