1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                           EASTERN DISTRICT OF CALIFORNIA

9

10   SAMMY PAGE,                                    2:08-cv-02231-SRT

11              Plaintiff,                   **ORDER DENYING PLAINTIFF'S**
                                             **MOTION FOR A NEW TRIAL**
12   v.

13   STEPHEN MAYBERG, et. al.,

14              Defendants.

15   _____/

16

17        Plaintiff Sammy Page comes before this Court seeking a new trial pursuant to Rule 59 of the

18   Federal Rules of Civil Procedure.  Page argues "newly discovered evidence" proves that he was

19   wrongly diagnosed with "Paraphilia Not Otherwise Specified" (PNOS) and that this diagnosis

20   constitutes an insufficient basis for his civil commitment under the Sexually Violent Predator Act.

21   Alternatively, Page asks the Court for relief from judgment pursuant to Rule 60 of the Federal Rules

22   of Civil Procedure.  Because Page's claims are almost identical to arguments raised in prior,

23   unsuccessful litigation, the Court considers the effect of Page's "newly discovered evidence" as the

24   only dispositive issue now before it.[1]

25   _____

26       [1] In *Page v. State of* California, Case No. 1:06-cv-1409-LJO-DLB (hereinafter, *Page I*), Page sought prospective
     injunctive relief based on allegations that his civil commitment violated his due process rights as well as his right to refrain
27   from treatment in meetings.  Following dismissal of this claim, Page drew on the same nucleus of facts to file *Page v. State
     of California*, Case No. 2:08-cv-02231-SRT (hereinafter, *Page II*), alleging that commitment on the basis of this diagnosis
28   violated his due process and constitutional rights.  The Court dismissed *Page II* on res judicata grounds.

1

I.

2      Upon a motion for a new trial, a court may open a judgment, amend findings of fact and

3 conclusions of law, or direct entry of a new judgment.  Fed. R. Civ. P. 59(a)(2).  A moving party

4 seeking a new trial on the basis of newly discovered evidence must show that "(1) the evidence was

5 discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being

6 discovered at an earlier stage, and (3) the newly discovered evidence is of such magnitude that

7 production of it earlier would likely have changed the outcome of the case."  *Defenders of Wildlife v.*

8 *Bernal*, 204 F.3d 920, 929 (9th Cir. 2000).  Significantly, the decision to grant any such motion is at

9 the sole discretion of the Court.  *See Johnson v. United States*, 270 F.2d 488, 492 (9th Cir. 1959).

10     In this case, Page bases his claim of newly discovered evidence on a California Department

11 of Mental Health Memorandum (the Memo) which instructs mental health evaluators on the meaning

12 of a "Diagnosed Mental Disorder" under California Welfare and Institution Code § 6600(c).[2]  The

13 Department of Health circulated the Memo on July 5, 2011, one month before this Court issued its

14 order dismissing Page's claim.  Specifically, the Memo explains that the statute "requires" evaluators

15 to determine whether a diagnosed mental disorder is present.  The Memo further states that, when

16 making such determinations, evaluators "must consider whether or not other conditions predispose

17 the person to the commission of criminal sexual acts to the degree and of the kind described in the

18 WIC 6600(c).  Considering only paraphilic conditions or only paraphilic predispositions are

19 insufficient."

20     Page argues that this Memo effectively "reverse[s] a long-standing policy of encouraging the

21 diagnosis of PNOS" such that only diagnoses other than Paraphilia may be considered for

22 commitment under the Sexually Violent Predator Act.  The government disputes Page's

23 interpretation, arguing that the Memo amounts to nothing more than "a memorandum clarifying and

24 reminding evaluators to review and consider the Welfare and Institutions code in its entire[t]y."

25 _____

26     [2] Cal. Welf. & Inst. § 6600(c) reads:
          "Diagnosed mental disorder" includes a congenital or acquired condition affecting the
27        emotional or volitional capacity that predisposes the person to the commission of
          criminal sexual acts in a degree constituting the person a menace to the health and safety
28        of others.

-2-

1    The Court agrees with the government's interpretation.  First, as a procedural matter, it is

2    unclear why Page was not able to discover the Memo during the instant case.  Because the

3    Department of Mental Health circulated the Memo one month before the Court issued its order, a

4    diligent search on the part of Page might have produced the document for the Court's consideration.

5    More importantly, however, the Memo does not constitute newly discovered evidence of such a

6    magnitude that its production earlier would likely have changed the outcome of this case.  *See, e.g.,*

7    *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 998 (9th Cir. 2001).  Indeed a close reading of the

8    Memo reveals that the Department of Health has not promulgated any new order amounting to a

9    reversal of long-standing PNOS policies.  Rather, the Department of Health has merely circulated an

10   admonition that evaluators view multiple criteria, and not just indicia of Paraphilia, when

11   determining the presence of a "diagnosed mental disorder."  The statute urges a similarly holistic

12   construction whereby *any* "congenital or acquired condition" that affects the predisposition of a

13   person to commit a criminal sexual act is to be considered.  The Memo therefore confirms the

14   Court's initial interpretation of the statute and so would not have likely changed the outcome in this

15   case.  Contrary to Page's argument, the Memo simply does not destroy the identity between the

16   claims raised in *Page I* and *Page II*.  Accordingly, Page's motion for a new trial is denied.

17                                                                II.

18   As with Rule 59 of the Federal Rules of Civil Procedure, Rule 60 also provides that a court

19   may, "[o]n motion and just terms," relieve a party from a final judgment because of "newly

20   discovered evidence that, with reasonable diligence, could not have been discovered in time to move

21   for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  Any such newly discovered evidence

22   must also be of "such magnitude that production of it earlier would have been likely to change the

23   disposition of the case."  *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir.

24   1987).  Thus, for the reasons discussed above, the Court finds that Page's claims also do not warrant

25   relief under Rule 60 of the Federal Rules of Civil Procedure.

26

27

28

1  DATED: November 30, 2011

2                                                    */s/ Sidney R. Thomas*

3                                          Sidney R. Thomas, United States Circuit Judge

4                                          Sitting By Designation

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28